NO PUBLISH

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BETTY J. BETZER | § | |
| | § | |
| V. | § | CASE NO. 4:06-CV-342 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for a period of disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be AFFIRMED.

**HISTORY OF THE CASE**

On July 2, 2002, Plaintiff protectively filed an application for disability and for DIB under Title II and SSI payments under Title XVI of the Social Security Act, alleging disability since April 2002. Plaintiff's claims were denied initially and again upon reconsideration. Plaintiff requested a *de novo* hearing, which was conducted by Administrative Law Judge (ALJ) Jennie L. McLean on September 15, 2004, in Dallas, Texas. At the hearing, Plaintiff was represented by counsel, and Plaintiff and Tammie C. Donaldson, a vocational expert, testified. On February 22, 2005, the ALJ issued an unfavorable decision, concluding that Plaintiff was not disabled.

Plaintiff requested Appeals Council review and subsequently submitted a supporting letter memorandum and additional medical evidence to the Appeals Council. On June 16, 2006, the

Appeals Council denied Plaintiff's request for Review. Plaintiff then filed this civil action under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant has met the disability insured status requirements of the Act since her alleged onset date of April 19, 2002. *See* 20 C.F.R. § 404.101 *et seq*. (Exhibits 1D, pages 9-10).

2. The claimant has not engaged in substantial gainful activity at any time since April 19, 2002. *See* 20 C.F.R. §§ 404.1510, 404.1572, 416.910, and 416.972. (Exhibit 1D, pages 4-8, 11-15; Exhibit 8E, page 3; claimant's testimony).

3. The medical evidence establishes the claimant has a "severe" combination of impairments as follows: non-insulin-dependent diabetes mellitus, hypertension, obesity, chronic headaches, mild degenerative changes in her cervical thoracic spines and right knee, and chronic strain in her spine, but she does not have any impairment or combination of impairments listed in, or that equals in severity an impairment listed in, 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has objectively identifiable, medically determinable impairments that reasonably could be expected to produce some of the pain and other subjective symptoms she alleges.

5. The claimant's allegation concerning her level of pain, subjective complaints, and functional limitations are not entirely credible or reasonably supported by the findings of the objective medical evidence or the inferences therefrom. *See* 20 C.F.R. §§ 404.1545 and 416.929 and Social Security Ruling 96-7p.

6. The claimant retains the residual functional capacity to obtain, perform, and maintain a full range of medium work. The claimant can stand/walk for up to six hours a day. *See* 20 C.F.R. §§ 404.1529 and 416.945, *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002), and *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).

7. The claimant's past relevant work as a retail manager, a fast food restaurant assistant manager, and as an inspector/packer, as she performed the work and/or as that work generally is performed in the national economy, does not require the performance of work-related activities precluded by the above limitations.

8. The claimant's impairments do not prevent the claimant from performing her past

    relevant work as a retail manager, a fast food restaurant assistant manager, or an inspector/packer, as she performed the work and/or as it generally is performed in the national economy.

9. The claimant has not been under a "disability," as defined in the Social Security Act, at any relevant time through the date of this decision. *See* 42 U.S.C. §§ 416(i)(1)(A) and 1382c(a)(3)(A) and 20 C.F.R. §§ 404.1520(e) and 416.920(e).

(T.R 23-24).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not re-weigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v.*

*Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of her disability claim, is engaged in substantial gainful employment, is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if her impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she is capable of performing her past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to her past work is not disabled if she has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with her medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to

the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, the ALJ made her determinations at the second and fourth steps because she found that Plaintiff's mental condition was not severe and that Plaintiff's physical impairment did not prevent her from returning to her past work.

## **ANALYSIS**

Plaintiff's first point of error is that the ALJ's Step Two finding that her major depressive disorder, generalized anxiety disorder, and borderline personality disorder are not "severe" mental impairments is unsupported by substantial medical evidence. Plaintiff argues that the ALJ's grounds for rejecting Dr. Harrison's medical opinion were invalid. Plaintiff further contends that the ALJ improperly substituted her own judgment for that of the medical expert because no medical expert testimony was taken which supported the ALJ's conclusion. *Rodriguez v. Barnhart*, No. SA-01-CA-1101-FB, 2003 WL 1956230 *7 (W.D. Tex. March 21, 2003). Plaintiff asserts that SSR 96-3p requires the ALJ to rely on an "informed judgment" regarding a Step Two severity finding and the Fifth Circuit has interpreted "informed judgment" to mean an expert medical opinion. *Spellman v. Shalala*, 1 F.3d 357, 363 (5th Cir. 1993).

The Commissioner contends that the ALJ applied the proper legal standard in determining that Plaintiff's mental impairment was not severe and states that an impairment is severe only if it imposes more than minimal limitations upon a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. The Commissioner argues that the ALJ properly rejected Dr. Harrison's opinion because an ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion and because the ALJ identified and considered a

number of factors in discrediting the opinions of Dr. Harrison. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Finally, the Commissioner argues that the ALJ did not impermissibly substitute her judgment for that of a medical expert and that the fact that no other medical opinion was in the record does not mean that the ALJ had an obligation to order further testing of Plaintiff's mental status. The Commissioner contends that this is especially true in light of the fact that Plaintiff did not raise allegations of mental impairment until just before the hearing.

As the ALJ noted, there was ample evidence to accord little weight to Dr. Harrison's conclusions. A one time consultative examination is not due special deference as a treating physician. *Robinson v. Astrue*, 271 Fed. Appx. 394, 396 (5th Cir. 2008). The ALJ did not completely disregard Harrison's conclusions but noted that many of his findings ran counter to the alleged severity of Plaintiff's mental condition. The ALJ specifically notes that Plaintiff's treatment history reveals no mental treatment other than a referred consultative exam and taking one pill.

As to Plaintiff's low GAF score, the ALJ is not bound to consider GAF results to the exclusion of other medically reliable evidence. *Alvarez v. Barnhart*, 2002 WL 31466411 at *8 (W.D. Tex. 2002). As noted, the ALJ found that the consultative psychologist's findings were inconsistent with a GAF score of 31. The ALJ did an exhaustive and complete analysis on this point, and the Court will not substitute its judgment for that of the Commissioner. In fact, the ALJ is to be commended for her competent and thorough analysis of the evidence. Plaintiff's first point of error should therefore be overruled.

Plaintiff's second point of error is that the ALJ failed to apply the appropriate legal standard

to weigh the opinions of Plaintiff's treating physician, Dr. Gregory Page, that she could stand/walk for less than two hours and sit for less than two hours during an eight-hour workday. Plaintiff argues that the ALJ flatly rejected Dr. Page's opinion regarding Plaintiff's sit/stand limitations and that, even if the ALJ found that Dr. Page's opinion was not supported by objective evidence and should therefore not be given controlling weight, the ALJ should not have completely rejected the opinion. SSR 96-2p, 1996 WL 374188 at *4.

Plaintiff further contends that, before rejecting a treating physician's opinion, the ALJ must either have reliable contradictory evidence from another treating or examining physician or must perform a detailed an analysis of the factors listed in 20 C.F.R. § 404.1527(d)(2)-(5). *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000); *Abadie v. Barnhart*, No. 06-30121, 2006 WL 2620467, at *1 (citing *Beasley v. Barnhart*, 191 Fed. Appx. 331 (5th Cir. 2006)). Plaintiff argues that the ALJ did neither.

The Commissioner argues that the ALJ has the responsibility to determine the credibility of medical experts and weigh their testimony accordingly. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). The Commissioner asserts that the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); *Greenspan v. Shalala* 38 F.3d 232, 237 (5th Cir. 1994). The Commissioner also argues that the ALJ cited to all controlling regulations, rulings, and case law, that the ALJ recognized that Dr. Page was the treating physician, and that the ALJ found Dr. Page's opinion to be unsupported by the record in general. Finally, the Commissioner contends that, even if the ALJ did not adequately discuss the factors of 20 C.F.R. §§ 404.1527(d) and 416.927(d), the requirement in *Newton* that those factors be discussed only applies when the record does not contain "competing

7

first hand medical evidence" contradicting those opinions. *Newton v. Apfel*, 209 F.3d 448, 456-58 (5th Cir. 2006). The Commissioner argues that the record in this case does contain competing first hand medical evidence.

The Court finds that the ALJ specifically discussed the competing medical evidence. She notes the findings of another treating doctor, Dr. Goldstein, a neurologist, who performed an essentially normal EMG. By March 2004, his records indicate that Plaintiff's condition had improved. Plaintiff highlights the fill-in-the-blank form submitted by Dr. Page. However, an ALJ may reject such a form when such opinions are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *See Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005).

The ALJ gave her reasons for rejecting Dr. Page's conclusion, noting that his assessment that Plaintiff could lift nothing was ridiculous. In response to her attorney's questioning, Plaintiff admitted to lifting dishes and picking up a gallon of milk with two hands. The ALJ thoroughly discussed her reasons for not accepting Dr. Page's assessment of Plaintiff's ability to do work. The determination of the credibility of a doctor's testimony is within the province of the ALJ. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). She is free to reject any opinion when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995).

The Court finds that the ALJ performed the proper analysis citing her reasons and that there is substantial evidence to support her findings. Plaintiff's second point of error should therefore be overruled.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). The parties are directed to file any response to any objections to the Magistrate Judge's Report and Recommendation within 10 days of the filing of such objections.

**SIGNED this 27th day of August, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE